IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:23-CV-01348-M

| | |
|---|---|
| ROBERT PAUL SHARPE,<br><br>    Plaintiff,<br><br>v.<br><br>PETER J. SPARK, MARK LEON EASTHAM, DANIEL MATTHEW SHOAF,<br><br>    Defendants. | ORDER |

    This matter comes before the court on Defendants' motion to remand to the bankruptcy court [DE 24], Plaintiff's motion to consolidate cases [DE 21], Plaintiff's motion for hearing and reissuance of summons [DE 31] and Plaintiff's motion to compel [DE 33]. For the reasons that follow, Defendants' motion is GRANTED, and Plaintiff's motions are DENIED AS MOOT.

    Although not raised in briefing by either party, this court possesses "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). In light of that obligation, the court has reviewed Plaintiff's Complaint, which cites the federal Declaratory Judgment Act and seeks a declaratory judgment "clarifying whistleblower status, rights, and obligations between parties under 31 U.S.C. § 3730(h), and 41 U.S.C. § 4712." DE 1 at 5. This request for relief does not properly invoke the court's subject-matter jurisdiction, because "[t]he federal Declaratory Judgment Act [] is not one which adds to the jurisdiction of the court, but is a procedural statute which provides an additional remedy for use in those cases and controversies of which the federal courts already have jurisdiction." *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d

321, 323 (4th Cir. 1937); *see also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) (observing that, in passing Declaratory Judgment Act, "Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction"); *Courthouse News Serv. v. Schaefer*, 440 F. Supp. 3d 532, 561 (E.D. Va. 2020) ("The declaratory judgment statute provides for a remedy; it is not a source of jurisdiction."), *aff'd*, 2 F.4th 318 (4th Cir. 2021). By merely seeking a declaratory judgment to clarify his status as a whistleblower, Plaintiff fails to demonstrate that "the court possesses an independent basis for jurisdiction over the parties." *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004).

Plaintiff's reference to the False Claims Act (31 U.S.C. § 3730) does not cure this deficiency. Plaintiff did not properly bring a claim under the False Claims Act: those claims must be "brought in the name of the Government," a "copy of the complaint and written disclosure of substantially all material evidence and information the person possesses [must] be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure," and the complaint must "be filed in camera, [and] remain under seal for at least 60 days, and [it] shall not be served on the defendant until the court so orders." 31 U.S.C. § 3730(b). Just as importantly, "a relator cannot pursue a qui tam FCA suit pro se." *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 244 (4th Cir. 2020). Plaintiff's reference to the False Claims Act in his Complaint does not transform this declaratory judgment action into a False Claims action over which the court may exercise subject-matter jurisdiction.

Neither does Plaintiff's reference to the NDAA Reprisal Statute (41 U.S.C. § 4712) confer subject-matter jurisdiction. That statute permits a complainant to "bring a de novo action at law or equity against ***the contractor, subcontractor, grantee, subgrantee, or personal services contractor*** to seek compensatory damages and other relief." 41 U.S.C. § 4712(c)(2). Plaintiff has

2

not brought this action against Port City Contracting Services, Inc. ("PCCS"), the contractor he formerly owned and operated with Defendants, so his reference to Section 4712 in the Complaint does not give the court jurisdiction under the NDAA Reprisal Statute.

To the extent a justiciable dispute exists between the parties based on the Complaint in this action, that dispute is inseparable from the PCCS bankruptcy proceeding and a related adversary proceeding that Plaintiff's personal bankruptcy counsel caused to be removed from state court to the Bankruptcy Court. *See* DE 24 at 1-2; DE 25 at 2-3. Notably, the PCCS bankruptcy schedule appears to list Plaintiff's claim against Defendants on its statement of financial affairs. DE 25 at 3. Accordingly, any existing dispute is related to the PCCS bankruptcy because its outcome "could conceivably have an[] effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (italics omitted); *accord* 28 U.S.C. § 1334(b); *In re Bestwall LLC*, 71 F.4th 168, 178 (4th Cir. 2023) ("This Court follows the broad test for 'related to' jurisdiction first articulated by the Third Circuit in *Pacor*").

In opposition to Defendants' motion, Plaintiff argues that Defendants' retaliation against him constitutes a "personal injury tort claim" that the court may not refer to the Bankruptcy Court. DE 27 at 1-2. This is wrong, not just because Plaintiff did not raise a personal injury claim in his Complaint, *see* DE 1, but also because a personal injury claim would arise under state law, and the court would consequently lack subject-matter jurisdiction over it due to a lack of diversity among the parties, *see* 28 U.S.C. § 1332(a)(1); DE 1 at 1 (listing Plaintiff and two Defendants as residents of North Carolina). Plaintiff also cites provisions of the False Claims Act related to whistleblower relief, DE 27 at 3 (citing 31 U.S.C. § 3730(h)), but Plaintiff did not, and in fact cannot, bring a False Claims action pro se, for the reasons previously stated.

3

Although the court harbors doubt that the Complaint presents a dispute over which a federal court may properly exercise subject-matter jurisdiction, it does find that any dispute arising out of the Complaint is related to the PCCS bankruptcy proceeding. In consideration of the liberal construction afforded to pro se filings, remand to the Bankruptcy Court instead of outright dismissal is appropriate so that the Bankruptcy Court may adjudicate Plaintiff's claim, to the extent warranted. Accordingly, Defendants' motion to remand is GRANTED, and Plaintiff's motions are DENIED AS MOOT. This action is REMANDED to the Bankruptcy Court for the Eastern District of North Carolina, Case No. 22-02917-5-DMW. *See* 28 U.S.C. § 157(a).

SO ORDERED this 26th day of April, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE